DICKINSON, Presiding Justice,
concurring:
¶ 19. I agree with Justice Chandler’s opinion, but I write separately to explain my disagreement with Justice Coleman’s view that the language of Section 85-7-7 requires a lien in favor of Mike Jerry’s. The beginning sentence of the statute reads:
There shall be a lien on all ships, steamboats and other water craft for work done or materials supplied by any person in this state for or concerning the building, repairing ... such ships.... [1]
¶ 20. First, Mike Jerry’s is not a “person in this state;” it is a paint business located in Jefferson, Louisiana. Thus, a “plain reading” of the statute precludes the lien in favor of Mike Jerry’s.
¶ 21. Second, there was no “work done or materials supplied” to the vessels by Mike Jerry’s. The record clearly demonstrates that Mike Jerry’s sold the paint to West Coast Marine in Seattle, Washington, which in turn, furnished the paint to the vessels.[2] Were we to interpret the language “supplied by any person in this state for or concerning materials” to reach beyond the person who actually provided the materials to the vessel, and apply it to every entity in the chain of distribution of those materials, liens would be created in favor of the landowner who supplied the oil that went into the paint; to DuPont, which manufactured the paint; to Mike Jerry’s, which bought it from DuPont and sold it to West Coast, and to West Coast, which actually supplied it to the vessel. Justice Coleman’s interpretation of the lien statute — that it protects anyone who sold any *293 material concerning the vessel, with no requirement that it be sold to the vessel or its owner — would reach even the manufacturer of a screwdriver that sold it to a hardware store, that sold it to an employee of a subcontractor.
¶ 22. Section 85-7-7 was not written to reach so far as Justice Coleman suggests, as evidenced by Valverde v. Spottswood,[3] in which this Court, more than a hundred years ago, held that liens created by the statute are created only in favor of those in contractual relationships with the owner which, in this case, is Trinity. Mike Jerry’s had no contract with Trinity; nor did Mike Jerry’s ever supply any paint to Trinity. Mike Jerry’s sold paint to West Coast Marine.
CHANDLER AND PIERCE, JJ., JOIN THIS OPINION. WALLER, C.J., JOINS THIS OPINION IN PART.
*294 [[Image here]]
*295 [[Image here]]

. Miss.Code Ann. § 85-7-7 (Rev. 2011).

. Contrary to Justice Randolph’s assertion that this statement has no basis, Mike & Jerry's sworn affidavit makes no claim that it supplied paint to Trinity. Rather, Mike Jerry's supplied paint to West Coast, which, in turn supplied the paint to the vessels in Harrison County. The fact that the paint was delivered to West Coast (not Trinity) in Harrison County is insignificant.

. Valverde v. Spottswood, 77 Miss. 912, 28 So. 720 (1900).